## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CASSANDRA STEWART**

        **Plaintiff,**

**vs.**                                                 **Case No. 8:07-CV-2363-T-27EAJ**

**JP MORGAN CHASE,**

        **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is JP Morgan Electronic Financial Services, Inc.'s Motion to Dismiss Complaint or, in the alternative, Quash Service of Process.[1] (Dkt. 3).[2] Upon consideration, JP Morgan's motion is **GRANTED**.

On December 27, 2007, *pro se* Plaintiff Cassandra Stewart filed a complaint against Defendant "JP Morgan Chase" alleging violations pursuant to Title VII of the Civil Rights Act. (Dkt. 1, p. 1). On January 11, 2008, Plaintiff mailed a copy of the complaint and a cover letter via Certified Mail to, "Frederick Lieberman, Vice President and Assistant General Counsel or Counsel Currently Assigned to the Case." (Dkt. 3-2). In relevant part, Plaintiff's cover letter provides:

> I am not sure if you were previously informed of this, Attorney Roderick Ford representing me and is no longer involved in my case. Should you need to contact me, I can be reached via phone at 813-571-3280. My mailing address is: P.O. Box

---

[1] JP Morgan Electronic Financial Services, Inc. ("JP Morgan") maintains that it is a wholly owned subsidiary of JPMorgan Chase Bank, N.A. and that Plaintiff inaccurately named "JP Morgan Chase" as the Defendant to this action. (Dkt. 3, p. 1).

[2] Plaintiff did not respond to JP Morgan's motion and the time for doing so has expired.

3058 Riverview, FL 33568.

(Dkt. 3-2).

Plaintiff's certified mailing did not include a summons or a request to waive service of summons.   On April 4, 2008, this Court granted JP Morgan's previous request to quash service (Dkt. 3) because Plaintiff failed to properly serve JP Morgan.  (Dkt.  4).  This Court denied JP Morgan's request to dismiss the action, noting that Plaintiff had up to and including April 25, 2008 to effectuate service in accordance with Rule 4 of the Federal Rules of Civil Procedure.  (Dkt. 4, p. 4).

On April 23, 2008, at Plaintiff's request, the clerk issued a Summons.  (Dkt. 5).[3]  According to JP Morgan, on April 24, 2008, Plaintiff directed a process server to serve JP Morgan at one of its Tampa locations, but did not indicate to whom the process should be directed.   (Dkt. 5).   The security gate gave the process server the fax number to JP Morgan's New York office.  (Dkt. 6, p. 2).   On April 28, 2008, the process server faxed a Summons and a copy of the Complaint to JP Morgan's New York City office.  (Dkt. 6, p. 2).   To date, Plaintiff has not served JP Morgan's registered agent in Florida, CT Corporation System at 1200 S. Pine Island Road, Plantation, Florida 33324.  (Dkt. 6, pp. 5-6; Ex. B).

JP Morgan moves to dismiss Plaintiff's complaint for failure to timely effectuate service of process.   In the alternative, JP Morgan moves to quash Plaintiff's service as improper and in violation of Rule 4.

---

[3] The Summons indicates that Plaintiff is represented by "Kelly Chanfrau, 101 E. Kennedy Blvd., Suite 900, Tampa, FL 33602." (Dkt. 5).  However, no attorney has made a record appearance on Plaintiff's behalf.

*Applicable Standards*

In accordance with Rule 4(c)(1), a "summons shall be served together with a copy of the complaint." For a court to "exercise personal jurisdiction" over the defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Int'l, Ltd., et al. v. Rudolf Wolff & Co., Ltd., et al.*, 484 U.S. 97, 104 (1987); *Richard Lee Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993) (stating that absent strict compliance with the requirements of service of process a court lacks personal jurisdiction).

Rule 4 provides two options for plaintiffs in making service, either "traditional" service of process pursuant to 4(h), or a request for a waiver of service pursuant to 4(d)(2). Rule 4(h) provides that a corporation may be served with process either (a) pursuant to the law of the state in which the District Court is located, or in which service is effected; or (b) by delivery to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h).

Pursuant to Florida Statute, § 48.081(1) process may be served by delivery to a hierarchical list of corporate actors: president or vice president or other head of corporation; cashier, treasurer, secretary, or general manager; director; or any officer or business agent residing in the state. § 48.081(1), *Fla. Stat.* As an alternative, process may be served on the agent designated by the corporation pursuant to § 48.091. If service cannot be made on the registered agent because of failure to comply with § 48.091, only then is service permitted by delivery to any employee at the corporation's principal place of business or any employee of the registered agent. § 48.081(3), *Fla. Stat.* Rule 4(m) requires that service of process be completed within 120 days after the filing of the complaint.

3

*Discussion*

Plaintiff's April 28, 2008 attempted service by fax on JP Morgan's New York employee was not in accordance with Rule 4 or Florida Statutes. JP Morgan has complied with Florida Statute, § 48.091 by designating a registered agent in Florida. Thus, it was improper for Plaintiff to attempt service on JP Morgan's New York City employee. Moreover, without a waiver of service form or some other justification which Plaintiff has offered none, it was improper for Plaintiff to attempt service by fax. Accordingly, JP Morgan's request to quash service is **GRANTED**.

Plaintiff's April 28, 2008 attempted service by fax was also untimely. In its order dated April 8, 2008, this Court put Plaintiff on notice that the deadline for completing service of process was April 25, 2008. (Dkt. 4, p. 3).[4] Generally, *pro se* plaintiffs are not entitled to leniency with respect to the requirements of Rule 4. *See e.g. Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993) ("the right of self representation does not exempt a party from compliance with relevant rules of procedural and substantive law...") (citing *Kersh v. Derozier*, 851 F. 2d 1509 (5th Cir. 1988)). Rule 4(m) provides that "[i]f a defendant is not served within 120 days afer the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m) (emphasis added).

This Court directed Plaintiff to complete service of process in accordance with Rule 4 on or before April 25, 2008. (Dkt. 4). Plaintiff failed to do so. Plaintiff also failed to respond to JP Morgan's motion to dismiss and in turn, has failed to offer any good cause for her failure to effect service of process timely and properly. Accordingly, it is

---

[4] Plaintiff did not request an extension of time to complete service.

**ORDERED and ADJUDGED** that JP Morgan's request to quash service and to dismiss (Dkt. 3) is **GRANTED**. This Case is **DISMISSED** without prejudice for failure to effectuate timely service of process. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this _____10th_____ day of June, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
*Pro Se* Plaintiff

5